UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
================================================X

JOAN FRASER,

                        Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, and POLICE
OFFICERS JOHN DOEs 1-5, unknown and intended
to be name later New York City Police Department
Officers involved in the occurrence herein, individually
and in their respective capacitates as members of the
New York City Police Department,

                        Defendants.
================================================X

Index No.: 20-5741

**JURY TRIAL DEMANDED**

**COMPLAINT**

      Plaintiff, JOAN FRASER, by and through her attorneys ETHAN D. IRWIN, P.L.L.C., as and for their complaint against Defendants, alleges and shows to the Court as follows:

### PRELIMINARY STATEMENT

      1.      This is a civil rights and excessive force action seeking monetary relief, (including past and ongoing economic loss), compensatory and punitive damages, injunctive relief, attorney's fees, costs, and disbursements for violation of Plaintiffs' Civil and Constitutional Rights, brought pursuant 42 U.S.C. §§ 1983, 1984, and 1981; and of rights secured by the 1st, 4th, and 14th Amendments of the United States Constitution and other State Law causes of action.

      2.      Specifically, Plaintiff alleges that Defendants did intentionally, negligently, wantonly, recklessly, knowingly and purposefully, acting individually and in conspiracy with each other, sought to deprive Plaintiff JOAN FRASER of her Civil Rights, and did commit tortious acts upon Plaintiff JOAN FRASER through a pattern of abuse and a campaign of threats, violence, and retaliation.

3. Said acts heretofore mentioned were done knowingly, at the direction of, and with the consent and condonation, of Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5, unknown and intended to be name later New York City Police Department Officers involved in the occurrence herein, individually and in their respective capacitates as members of the New York City Police Department, and, in their official and individual capacities (collectively referred to herein as "Defendants"), with the express purpose of punishing, silencing, isolating, removing, and retaliating against JOAN FRASER, and generally violating the rights of JOAN FRASER, as protected by the United States and New York State Constitutions, Federal and State statutes, rules and regulations. Said illegal activities were known to the Defendants and were accepted and supported as policy, custom, and practice.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(3) and (4).

5. Venue herein is proper pursuant to 28 U.S.C. § 139l(b), based on the residence of Plaintiff and the place where the actions complained of herein have occurred.

## PARTIES

6. Plaintiff JOAN FRASER was and is a resident of the County of Brooklyn, City and State of New York.

7. At all times herein mentioned, Defendant, THE CITY OF NEW YORK, was and still is a municipal corporation organized and existing under the laws of the State of New York.

8. On or about June 30, 2020, Plaintiff timely served a Notice of Claim in writing upon THE CITY OF NEW YORK within the proper statutory framework.

9. At least thirty (30) days have elapsed since the service of the Notice of Claim prior to the commencement of this action and adjustment or payment thereof has been neglected or refused, and this action has been commenced within one (1) years and ninety (90) days after the happening of the event upon which claims are based.

10. Plaintiff has complied with the request of the municipal defendants for an oral examination pursuant to Section 50-h of the General Municipal law by testifying at a 50-h hearing on October 19, 2020.

11. At all times mentioned hereinafter, THE CITY OF NEW YORK, its agents, servants, and employees (hereinafter "City") operated, maintained, and controlled the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), including all the police officers and employees thereof.

12. Defendants POLICE OFFICERS JOHN DOEs 1-5, unknown and intended to be name later New York City Police Department Officers involved in the occurrence herein, were employed and trained by the City on May 29, 2020 and at all times herein were acting in such capacity as the agents, servants, and/or employees of the City within the scope of their employment and under the direction of the City and NYPD. These Defendant-Officers are being sued in their individual capacities and official capacities.

13. At all times hereinafter mentioned and specifically on or about May 29, 2020, at approximately 10:15 to 10:30 PM, near the intersection of Classon Avenue and Lafayette Avenue (hereinafter "location of incident"), Defendant-Officers individually and collectively were acting within the scope of their employment and under the direction of the City and the NYPD as their agents, servants, and/or employees. Consequently, the City is liable under the doctrine of respondeat superior for all officers' tortious actions.

14. On or about the date of incident and at all relevant times hereunder, Defendant-Officers acted as police officers and were required to follow the rules and regulations as contained in the NYPD Patrol Guidelines.

15. On or about the date of incident, Defendant-Officers were present at the location of incident.

16. On or about the date of incident at the location of the incident, Plaintiff was twice wrongfully attacked, touched, grabbed, pushed, slammed, seized, precipitated to the ground, otherwise subjected to excessive force by Defendant-Officers without any lawful basis.

17. Each and every Defendant acted in collusion with, and as agents of, each other, during the abuse and assault of Plaintiff JOAN FRASER on or about May 29, 2020. Each and every Defendant are liable for Plaintiffs' injuries therefor both in their individual and in their official capacity for actions taken at and during the events complained of.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18. Plaintiff JOAN FRASER was lawfully present and recording a protest that was taking place on a public street near the intersection of Classon Avenue and Lafayette Avenue, in the County of Brooklyn, City and State of New York.

19. That on or about May 29, 2020 between 10:15 PM and 10:30 PM, Plaintiff JOAN FRASER was twice struck about her upper body by one or more of the NYPD officer Defendants with their hands and a police baton, slamming and pushing the Plaintiff JOAN FRASER to the ground, for no reason other than she was exercising her United States Constitution First Amendment right to film said protests.

20. Upon information and belief, Defendant-Officers pushed her with their hands and the police baton, and then shortly after, pushed her again, even more violently, and this second harder push violently knocked her to the ground, causing severe, serious, and permanent injuries.

21. Upon information and belief, Defendant-Officers never gave instructions or orders for the Plaintiff to leave the area.

22. Upon information and belief, that after she was knocked to the ground, Plaintiff JOAN FRASER informed the Defendant-Officers that she was injured and proceeded to a nearby ambulance.

23. Upon information and belief, Plaintiff JOAN FRASER was treated by EMS at the ambulance where they bandaged her wounds.

24. Upon information and belief, that on the following day, on May 30, 2020, Plaintiff JOAN FRASER went to the hospital for treatment, and she has and will continue to require additional treatment for her various injuries.

25. Acting in collusion and concert, Defendants the City, NYPD, and POLICE OFFICERS JOHN DOEs 1-5, upon information and belief, without proper authority or justification under the circumstances, did use excessive and unnecessary physical force upon Plaintiff JOAN FRASER.

26. Upon information and belief, Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did impermissibly delegate use force to POLICE OFFICERS JOHN DOEs 1-5, unknown and intended to be name later New York City Police Department Officers involved in the occurrence herein, individually and in their respective capacitates as members of the New York City Police Department, and, in their official and individual capacities.

27.  Upon information and belief, Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to take proper and necessary disciplinary or corrective action against Defendants POLICE OFFICERS JOHN DOEs 1-5.

28.  Upon information and belief, Defendants POLICE OFFICERS JOHN DOEs 1-5 are still employed by the Defendants and have never been disciplined or otherwise reprimanded for their illegal, excessive, and unnecessary use of force.

29.  That the Defendants were at all times acting under color of State Law.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force – 42 U.S.C. § 1983)**

30.  Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"29" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

31.  That the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5 did violate the Fourth Amendment Rights of Plaintiff JOAN FRASER.

32.  That on or about May 29, 2020, the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5 in their official and individual capacities did violate Plaintiff JOAN FRASER's Fourth Amendment Rights by causing her to be subjected to unreasonable and Excessive Force under the circumstances then and there existing.

33.  That the actions of these Defendants against Plaintiffs were objectively excessive and unreasonable.

34. That Plaintiff's Fourth Amendment Right to be free from Excessive Use of Force are Rights that are so clearly established that a reasonable person under the circumstances presented herein would have known the said conduct was a violation of the Plaintiff's Rights.

35. That the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5 failed to intervene in the Constitutional Violations against Plaintiff.

36. Defendants, acting under color of State Law, have caused Plaintiff to be deprived of her Rights, Privileges, and Immunities as secured by the Constitution of the United States, and other federal laws: namely, the Fourth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

37. Defendants are and were aware that their actions against Plaintiff were a violation of the Rights granted to Plaintiff pursuant to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

38. On or about May 29, 2020, Defendant POLICE OFFICERS JOHN DOEs 1-5 acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Plaintiff JOAN FRASER.

39. As a result of the acts of each Defendant complained of Plaintiff JOAN FRASER sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of enjoyment of life, and other pecuniary loss.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(14th Amendment)**

40. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"39" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

41. Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5, in their official and individual capacities, did violate the Fourteenth Amendment Civil Rights of Plaintiff JOAN FRASER.

42. That on or about May 29, 2020 and thereafter, these Defendants did violate Plaintiff JOAN FRASER's Fourteenth Amendment Rights by engaging in conduct that is shocking to the conscience and is offensive to the community's sense of fair play and decency.

43. Defendants, acting under color of State Law, have caused Plaintiff to be deprived of her rights, privileges and immunities as secured by the Constitution, and other federal laws: namely, the Fourteenth Amendment to the Constitution of the United States; and 42 U.S.C. § 1983.

44. Defendants are and were aware, that their actions against Plaintiff were a violation of the Rights guaranteed to Plaintiff pursuant to the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

45. On or about May 29, 2020, Defendant POLICE OFFICERS JOHN DOEs 1-5, acted with evil motive and intent and/or with callous indifference toward the Civil Rights of Plaintiff JOAN FRASER.

46. As a result of the acts of each Defendant complained of, Plaintiff JOAN FRASER sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**

47. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"46" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

48. That the Defendants owed a Duty of Care to the Plaintiff.

49. That the Defendants have violated that Duty of Care owed to Plaintiff.

50. That the Defendants have violated the Standard of Care.

51. That through their Negligence, the Defendants have caused the negligent infliction of emotional distress on Plaintiff.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Negligent Hiring, Retention, and Supervision)**

52. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"51" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

53. That the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and Defendant POLICE OFFICERS JOHN DOEs 1-5 have contributed to the injury suffered by Plaintiff JOAN FRASER.

54. That the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, have created policies which permit and/or encourage an impermissible delegation of matters of discipline.

55. That these failures are caused by the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, who are responsible for the actions of their employees.

56. As a result of the acts of each Defendant complained of, Plaintiff sustained injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Intentional Tort – Assault and Battery)**

57. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"56" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

58. On or about May 29, 2020, Defendant POLICE OFFICERS JOHN DOEs 1-5, intentionally committed the tortious act of assault against Plaintiff JOAN FRASER by intentionally placing Plaintiff JOAN FRASER in apprehension of imminent and harmful contact by these Defendants.

59. On or about May 29, 2020, Defendant POLICE OFFICERS JOHN DOEs 1-5 committed battery upon and against the Plaintiff JOAN FRASER by making an intentional and offensive bodily contact against her.

60. That the Plaintiff reasonably perceived an imminent threat from Defendant POLICE OFFICERS JOHN DOEs 1-5, and that these Defendants were capable, at the time the threat was made, of carrying out said threat.

61. The Plaintiff reasonably believed these Defendants were capable thereof, and a reasonable person, in the Plaintiff's circumstances, would have likewise been apprehensive of the pending assault.

62. Defendant POLICE OFFICERS JOHN DOEs 1-5 did wrongfully act and commit battery upon the Plaintiff by striking her multiple times with their hands and baton.

63. Defendant POLICE OFFICERS JOHN DOEs 1-5 did intend to cause harmful or offensive contact upon the Plaintiff's person.

64. Defendant POLICE OFFICERS JOHN DOEs 1-5 did in fact cause an harmful and/or offensive contact to the Plaintiff.

65. As a result of these acts of Defendant POLICE OFFICERS JOHN DOEs 1-5, Plaintiff sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, injury to her reputation, and other pecuniary loss.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

66. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through"65" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

67. Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5, have violated the Duty of Care owed to Plaintiff JOAN FRASER.

68. Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and POLICE OFFICERS JOHN DOEs 1-5, have violated the Standard of Care.

69. That these actions and conduct of the Defendants, as set forth herein, were extreme and outrageous.

70. That the actions and conduct of the Defendants, as set forth herein, were done with the intent to cause extreme and severe emotional distress to Plaintiff.

71. That the actions and conduct of the Defendants, as set forth herein, were the proximate cause of the Plaintiff's injuries.

72. That the actions and conduct of the Defendants, as set forth herein, did cause the Plaintiff to suffer severe emotional distress that no reasonable person should have to suffer or endure.  Defendants either intended to inflict emotional distress upon Plaintiff by engaging in this conduct, or knew that there was a high probability that such conduct would result in such distress.

73. As a result of the acts of each Defendant complained of, Plaintiff sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Monell Claim – Unconstitutional Policies)

74. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through "73" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

75. That Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, were Policymakers, for 42 U.S.C. § 1983 purposes, for the NEW YORK CITY POLICE DEPARTMENT and its officers, including Defendant-Officers JOHN DOEs 1-5 herein.

76. That Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, promulgated official Policies, Rules, and Regulations for the NYPD and its officers and employees, including the Defendant-Officers JOHN DOEs 1-5 herein, creating an Official Policy allowing, permitting, and encouraging the use of Excessive Force by its employees, including these Defendant-Officers employed thereat, against citizens generally, including the Plaintiff JOAN FRASER, in violation of her Constitutional Rights.

77. That the aforementioned Defendant Policymakers' acted with gross negligence in the hiring, training, and/or disciplining of the POLICE OFFICERS JOHN DOEs 1-5.

78. That the aforementioned Defendant Policymakers', despite the egregious actions set forth herein by the POLICE OFFICERS JOHN DOEs 1-5, against the Plaintiff JOAN FRASER, authorized and/or encouraged the Defendant-Officers illegal use of Excessive Force, and repeatedly failed to take any remedial or punitive steps against these Defendant-Officers for their illegal use of Excessive Force generally, despite the fact that such actions are persistent and

widespread throughout THE NEW YORK CITY POLICE DEPARTMENT, and more specifically against the Plaintiff JOAN FRASER, and therefore an implied Policy of improper use of Excessive Force should be inferred.

79. That as a direct result of the aforementioned Defendants official Policies, Rules, and Regulations, Plaintiff JOAN FRASER did sustained physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life and other pecuniary loss.

**TENTH CAUSE OF ACTION**
**(Monell Claim – Inadequate Training)**

80. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through "79" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

81. That Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, were Policymakers, for 42 U.S.C. § 1983 purposes, for THE NEW YORK CITY POLICE DEPARTMENT.

82. That Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, utterly failed to train their Police Officers, including the POLICE OFFICERS JOHN DOEs 1-5 herein.

83. That Defendants as Policymakers, by failing to adequately train these Defendant-Officers in the proper identification, use, and application of reasonable force, acted with deliberate indifference to the Constitutional Rights of Citizens of the City of New York, and more specifically the Plaintiff JOAN FRASER.

84. That the aforementioned Defendant Policymakers' inadequate training of Defendant POLICE OFFICERS JOHN DOEs 1-5, directly resulted in the injuries complained of by Plaintiff JOAN FRASER, including physical injuries, pain and suffering, emotional distress,

medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

85. That the aforementioned Defendant Policymakers' had actual and/or constructive knowledge of the Constitutional Violations by the Defendant POLICE OFFICERS JOHN DOEs 1-5 and failed to take any actions, including training, to correct their Constitutional Violations.

86. That the aforementioned Defendant Policymakers' failure to train the Defendant-Officers, including POLICE OFFICERS JOHN DOEs 1-5, amounts to a Custom or Policy of authorizing and encouraging their misconduct and use of Excessive Force.

87. That at all relevant times herein, and as a direct result of the Defendants' inactions, there existed a *de facto* policy of tacit approval of the Defendant-Officers' use of Excessive Force against citizens, more specifically against the Plaintiff JOAN FRASER herein, in violation of her United States Constitution Fourth Amendment Rights.

88. That as a direct result of the aforementioned, Plaintiff JOAN FRASER did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

**ELEVENTH CAUSE OF ACTION**
**(Fourteenth Amendment – Due Process Violation)**

89. Plaintiff repeats and reiterates the allegations set forth in paragraph's "1" through "88" inclusive of this Complaint with the same force and effect as though fully set forth hereat.

90. That at all relevant times herein the Plaintiff JOAN FRASER was in the custody of the Defendants.

91. That at all relevant times herein the Defendants did wrongly and affirmatively restrain the Plaintiff JOAN FRASER's freedom to act on her own behalf, depriving her of her personal liberty, by twice forcibly pushing and striking her, and pushing her to the ground.

92. That at all relevant times herein the Defendants did fail to properly and adequately address the Plaintiff JOAN FRASER's physical injuries, despite their control over her.

93. That at all relevant times herein the Defendants failed to protect the Plaintiff JOAN FRASER and were deliberately indifferent to Plaintiff JOAN FRASER's condition and needs.

94. Further, that as a result of the foregoing, the Defendants herein did violate Plaintiff JOAN FRASER's United States Constitution Due Process Rights under the Fourteenth Amendment.

95. That as a direct result of the aforementioned, Plaintiff JOAN FRASER did sustain physical injuries, pain and suffering, emotional distress, medical expenses, other expenses, loss of income, loss of enjoyment of life, and other pecuniary loss.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

a. First Cause of Action: in excess of $1,000,000.00 in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

b. Second Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

c. Third Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

d. Fourth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

e. Fifth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  f. Sixth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  g. Seventh Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  h. Eighth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  i. Ninth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  j. Tenth Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  k. Eleventh Cause of Action: in excess of $1,000,000.00, in damages, compensatory damages, punitive damages, costs, interest, and attorney's fees;

  l. Attorney's fees and costs pursuant to 42 U.S.C.A. § 1988;

  m. A Declaratory Judgment that Defendants willfully violated Plaintiffs' Rights secured by the United States Constitution, Federal, State and Local law as alleged herein;

  n. Injunctive relief: an injunction requiring Defendants to correct all present and past Constitutional, Federal, State, and Local Law violations as alleged herein; to enjoin Defendants from continuing to act in violation of Federal, State and Local law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said Constitutional, Federal, State and Local Laws; and

    o. An order granting such other legal and equitable relief as this Court deems just and proper under the circumstances.

| | |
|---|---|
| Dated: November 23, 2020<br>   New York, NY | Yours, etc.,<br>ETHAN D. IRWIN, PLLC<br>_____<br>  Ethan D. Irwin, Esq.<br>Attorneys for Plaintiff<br>165 Broadway, 23rd Floor<br>New York, NY 10006<br>Tel. (929) 286-6522<br>*e*Fax: (516) 706-6948<br>ethan@ethanirwinlaw.com |

TO DEFENDANTS:

1. The City of New York
2. The New York City Police Department
3. Police Officers John Does 1-5

The City of New York
100 Church St.
New York, New York 10007

New York City Police Department
1 Police Plaza Path
New York, NY 10007

Police Officer John Does 1-5
1 Police Plaza Path
New York, NY 10038